EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| West Palm Beach Police Pension Fund, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Leslie's, Inc., Michael R. Egeck, and Steven M. Weddell,<br><br>Defendants. | Case No. 2:23-cv-01887-SMB<br><br>**CLASS ACTION**<br><br>**JOINT DECLARATION IN SUPPORT OF THE MOTION OF THE SOUTH FLORIDA FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Honorable Susan M. Brnovich |
| --- | --- |

We, Dania Orta and David Williams, declare as follows:

1.    We respectfully submit this Joint Declaration in support of the motion of City of Miami Fire Fighters' and Police Officers' Retirement Trust ("Miami FIPO") and West Palm Beach Police Pension Fund ("WPB Police," and together with Miami FIPO, the "South Florida Funds") for appointment as Lead Plaintiff and approval of their selection of Saxena White P.A. ("Saxena White") to serve as Lead Counsel and Keller Rohrback L.L.P. to serve as Local Counsel for the proposed class ("Class") in the securities class action litigation against Leslie's, Inc. ("Leslie's" or the "Company") and certain of the Company's senior executives (collectively, "Defendants").  We are aware that the action is brought on behalf of all persons or entities who purchased Leslie's common stock between February 5, 2021 and July 13, 2023, inclusive (the "Class Period").  We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the litigation.  We each have personal knowledge of the information in this Joint Declaration to the extent it concerns the institution with which we are respectively associated.

2.    I, Dania Orta, am the Administrator of Miami FIPO and am authorized to make this declaration on its behalf.  Based in Miami, Florida, Miami FIPO provides pension and other benefits for city firefighters and police officers.  Miami FIPO manages more than $1.6 billion in assets for the benefit of approximately 4,100 active and retired participants and beneficiaries.  As reflected in its certification, Miami FIPO suffered a substantial loss as a result of its investments in Leslie's common stock during the Class Period.

3.    I, David Williams, am the Plan Administrator of WPB Police and am authorized to make this declaration on its behalf.  Based in West Palm Beach, Florida, WPB Police provides pension and other benefits for city police officers.  WPB Police manages approximately $500 million in assets for the benefit of approximately 800 active and retired participants and beneficiaries.  As reflected in its certification, WPB

Police suffered a substantial loss as a result of its investments in Leslie's common stock during the Class Period.

4. Miami FIPO and WPB Police are both sophisticated institutional investors that understand, appreciate, and accept the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA. Our familiarity with the PSLRA's requirements is informed by, among other things, our experience serving as lead plaintiff or co-lead plaintiff in securities fraud class actions. For example, Miami FIPO has achieved outstanding results for classes of investors while serving as lead plaintiff and co-lead plaintiff, including in this Circuit. See In re Quality Systems, Inc. Sec. Litig., No. 8:13-cv-1818-CJC-JPR (C.D. Cal.) (achieving a $19 million recovery as co-lead plaintiff with another institutional investor); In re Penn West Petroleum Ltd. Sec. Litig., No. 1:14-cv-6046-JGK (S.D.N.Y.) (achieving a $19.8 million recovery as co-lead plaintiff). Similarly, WPB Police has also achieved favorable results for investors when serving as a lead plaintiff or class representative in other securities class actions. See In re Home Loan Servicing Solutions, Ltd. Sec. Litig., No. 0:16-cv-60165 (S.D. Fla.) (achieving a $6 million recovery as co-lead plaintiff with other institutional investors and with Saxena White serving as lead counsel); PLA, LLC v. Advanced Neuromodulation Sys., Inc., No. 4:05-cv-78 (E.D. Tex.) (achieving a $3 million recovery as co-lead plaintiff with another institutional investor and with Saxena White serving as co-lead counsel).

5. Miami FIPO and WPB Police are both highly motivated to recover the substantial losses that they incurred as a result of Defendants' violations of the federal securities laws as alleged in this action. Accordingly, we believe that this case should be prosecuted by sophisticated institutional investors with significant resources, experience leading class action lawsuits under the PSLRA, and a financial interest substantial enough to ensure the claims are litigated vigorously, efficiently, and in the best interests of the Class. The South Florida Funds' primary goal in this litigation is to maximize the Class's recovery from all potentially culpable parties.

6. In that regard, WPB Police already has taken significant steps to protect Class members' rights in the action by, among other things, instructing its counsel, Saxena White, to undertake a robust investigation into Leslie's. Based on the strength of counsel's investigation, WPB Police directed Saxena White to file the first and only complaint asserting violations of the federal securities laws against Defendants on behalf of the Class. WPB Police then issued a press release informing Leslie's investors of the claims asserted in the complaint, as well as the November 7, 2023 deadline by which investors could seek Lead Plaintiff appointment.

7. In exploring its potential leadership of this case, WPB Police independently expressed an interest in working with other sophisticated and like-minded institutional investors in seeking joint Lead Plaintiff appointment. After learning of the complaint filed by WPB Police to protect the interests of the Class, Miami FIPO determined it would be in its and other Class members' interests to seek appointment as Lead Plaintiff jointly with WPB Police.

8. Miami FIPO and WPB Police each independently determined that they could maximize the Class's recovery by seeking appointment as Lead Plaintiff in this case. Miami FIPO and WPB Police reached that determination based on factors including: (1) their familiarity with one another from public-safety work and participation and membership in common trade associations and pension education conferences over the years, including those held by the Florida Public Pension Trustees Association, Florida's educational organization for municipal public pension boards, the National Conference on Public Employee Retirement Systems, a trade association for public sector pension funds, and the Florida Division of Retirement; (2) their ability to share and combine resources and ensure the Class receives the best possible representation; (3) their prior experience collaborating successfully with other institutional investors in serving as lead plaintiff in securities class actions; and (4) their perspectives as fiduciaries to their respective members and shared goals and interests in protecting and maximizing retirement system assets and enhancing the reliability of

information disseminated by publicly traded corporations.  After analyzing the merits of the claims against Defendants, including those brought by WPB Police, the respective losses incurred arising from Defendants' alleged misconduct, and consulting with our counsel, the South Florida Funds approved the filing of a motion for Lead Plaintiff appointment.

9.      The South Florida Funds agree that their partnership is well suited for this litigation and will further the interests of the Class.  Indeed, Miami FIPO and WPB Police believe that their prior experience working with other institutional investors to oversee actions pursuant to the PSLRA demonstrates that a cohesive group of sophisticated fiduciaries informed by diverse perspectives has a positive effect on the quality of the representation provided to class members, especially in complex actions such as this one. The South Florida Funds are aware that the PSLRA and courts throughout the country, including this District, endorse groups serving as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the action in the best interests of the class.  The South Florida Funds are committed to prosecuting the action against Defendants in such an independent, efficient, and vigorous manner.

10.      Prior to seeking appointment as Lead Plaintiff, representatives of the South Florida Funds convened a conference call to discuss our commitment to jointly prosecute this litigation.  During the call, we discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' misconduct; the lead plaintiff process; the benefits of working together to prosecute the litigation in a collaborative and cohesive matter; and our strategy to jointly prosecute this case to ensure our shared goal of maximizing the outcome for all Class members.

11.      We intend to share our perspectives, experiences, and resources to direct this litigation, as we have done in other cases.  To that end, we discussed with each other the importance of joint decision-making and maintaining communication that will enable each of us to confer, with or without counsel, via telephone and/or email on short notice

- 4 -

to ensure that we are able to make timely decisions.  We have exchanged direct contact information with each other so that we can communicate with or without counsel.  The South Florida Funds each have staff capable of overseeing this matter who are available to confer via telephone and/or email to ensure that our institutions are able to make timely decisions.

12.    The South Florida Funds are not aware of any instance of disagreement between co-lead plaintiffs that could not be resolved through discussion and collaboration among the members of the group.  Through our discussions and familiarity with one another, we determined that the South Florida Funds are like-minded, sophisticated institutional investors that are joined through our common mandate of providing retirement benefits to firefighters and police officers located in South Florida.  We are also aligned in our objective to work collaboratively to maximize the recovery for investors through this litigation.  Based on our experience and given our shared goal of achieving the best possible recovery for the Class, we do not envision having any disagreement that could not be resolved through discussion with each other and our counsel.

13.    The South Florida Funds also understand that it is the Lead Plaintiff's obligation under the PSLRA to select qualified Lead Counsel and to supervise Lead Counsel's litigation of the case to ensure that the action is prosecuted without unreasonable cost or duplication of effort.  The South Florida Funds decided to partner, in part, because of their shared desire to ensure that this action is prosecuted in an efficient and cost-effective manner.  As Lead Plaintiff, the South Florida Funds will ensure that Lead Counsel shall only act pursuant to this mandate.

14.    We are aware of the experience, resources, and successes of Saxena White, including its history of achieving significant monetary recoveries for injured investors as Lead Counsel.  We fully believe that Saxena White will prosecute this litigation in a zealous and efficient manner as Lead Counsel under our supervision, to the benefit of the Class.

15.    We have directed Saxena White to advise us as to all developments during the lead plaintiff motion process.  We will continue to direct counsel and actively oversee the prosecution of this action for the benefit of the Class by, among other things, reviewing and authorizing the filing of pleadings, conferring amongst ourselves, and attending court proceedings, depositions, settlement mediations, and hearings as needed. Through our oversight, we fully believe that Saxena White will prosecute this litigation in a zealous and efficient manner and in the best interests of all members of the Class as Lead Counsel.

16.    In sum, we are committed to ensuring the Class receives the best possible outcome from this litigation.

**[REMAINDER INTENTIONALLY BLANK]**

- 6 -

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of November, 2023.

*City of Miami Fire Fighters' and Police Officers' Retirement Trust*

Dania Orta, Administrator

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 06th day of November, 2023.

*West Palm Beach Police Pension Fund*

David Williams, Plan Administrator