ZIMMERMAN REED LLP
HART L. ROBINOVITCH (AZ SBN 020910)
14648 N. Scottsdale Road., Suite 130
Scottsdale, AZ 85254
Telephone: 480/348-6400
480/348-6415 (fax)
Email: hart.robinovitch@zimmreed.com

*Local Counsel for Proposed Lead Plaintiff*

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

*Proposed Lead Counsel for Proposed Lead Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| West Palm Beach Police Pension Fund, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>     vs.<br><br>Leslie's, Inc., Michael R, Egeck, and Steven M. Weddell,<br><br>                         Defendants. | No. CV-23-1887-PHX-SMB<br><br>NORTH CAROLINA'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS<br><br>(Assigned to the Honorable Susan M. Brnovich) |

## I.    INTRODUCTION

On November 7, 2023, four motions were filed seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") by: (1) Treasurer of the State of North Carolina, on behalf of the North Carolina Retirement Systems, and the North Carolina Department of State Treasurer and the North Carolina Supplemental Retirement Board of Trustees, on behalf of the North Carolina Supplemental Retirement Plans (collectively, "North Carolina"); (2) West Palm Beach Pension Fund and City of Miami Fire Fighters' and Police Officers' Retirement Trust (collectively, "South Florida Funds"); (3) Wayne County Employees' Retirement System ("Wayne County"); and (4) Chester County Employees Retirement Fund ("Chester County").  *See* ECF 11, 12, 15, 17.  Based on information contained in the lead plaintiff motions, North Carolina is the "most adequate plaintiff" within the meaning of the PSLRA as it possesses the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Indeed, with over $10.6 million in losses under the last-in, first-out ("LIFO") loss calculation method used by all other movants, North Carolina's financial interest "in the relief sought by the class" is more than three times the losses of all other movants ***combined***:



Recognizing this fact, the South Florida Funds and Chester County have filed a non-opposition and withdrawn their motions, respectively. *See* ECF 20, 21.

In accordance with the PSLRA, North Carolina is therefore entitled to a strong presumption that it is the "most adequate plaintiff" because it has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy. *See* ECF 17 at 3-4; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that North Carolina is inadequate or atypical. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that North Carolina is somehow unfit to represent the class.

To the contrary, North Carolina – sophisticated retirement plans with experience serving as fiduciary and as lead plaintiff in securities litigation – is committed to vigorously prosecuting this litigation on behalf of all class members. In addition, North Carolina has chosen counsel with decades of experience litigating securities class actions. Accordingly, North Carolina is the "most adequate plaintiff" pursuant to the PSLRA.

Because North Carolina has the largest financial interest and satisfies the Rule 23 requirements, North Carolina respectfully requests that the Court grant its lead plaintiff motion and deny the competing movants' motions.

## II.    ARGUMENT

According to the unambiguous language of the PSLRA, "[t]he 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §78u-4(a)(3)(B)(iii). Courts typically follow a "three-step process for identifying the lead plaintiff pursuant to these criteria." *Cavanaugh*, 306 F.3d at 729. The first step – publication of the pendency of the action – has been completed. *See* ECF 18-1. In the next two steps, courts consider "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order ***if and only if*** the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732 (emphasis added).

**A.    Only North Carolina Qualifies for the "Most Adequate Plaintiff" Presumption**

**1.    North Carolina Has the Largest Financial Interest**

The second step consists of identifying the presumptive lead plaintiff.  During this second stage of the three-step lead plaintiff inquiry, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."  *Cavanaugh*, 306 F.3d at 730.  While the PSLRA does not delineate how financial interest should be assessed, the Ninth Circuit has said "[t]o make this comparison, the district court . . . may select accounting methods that are both rational and consistently applied."  *Id*. at 730 n.4.  Most district courts consider various factors, of which loss is considered the determinative factor.  *See Lomingkit v. Apollo Educ. Grp. Inc*., 2016 WL 3345514, at *2 (D. Ariz. June 16, 2016) (looking to loss as the proxy for financial interest); *Alich v. Opendoor Techs. Inc*., 2023 WL 1472849, at *3 (D. Ariz. Feb. 2, 2023) (same).  Examining each movant's trading, it is apparent that North Carolina possesses the largest financial interest:

|  | *Lax* Factor 1 | *Lax* Factor 2 | *Lax* Factor 3 | *Lax* Factor 4 |
|---|---|---|---|---|
| **Movant** | Total Shares Purchased During CP | Net Shares Purchased During CP | Net Funds Expended During CP | LIFO Loss |
| North Carolina | 1,036,041 | 598,920 | $14,449,875 | $10,668,246 |
| South Florida Funds | 125,545 | 125,545 | $2,641,980 | $1,877,489 |
| Wayne County | 87,140 | 69,750 | $1,347,684 | $930,749 |
| Chester County | 41,345 | 41,345 | $963,103 | $715,716 |

In sum, North Carolina possesses the largest financial interest.  *See also* ECF 20 (South Florida Funds acknowledging "they do not have the largest financial interest in this action") (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)); 21 (Chester County acknowledging it "does not appear to have the largest financial interest").  Pursuant to the PSLRA's process, "further inquiry must focus on [North Carolina] alone and be limited to determining whether [it] satisfies the other statutory requirements."  *Cavanaugh*, 306 F.3d at 732.

- 3 -

**B.      North Carolina Also Satisfies the Rule 23 Requirements**

Because North Carolina possesses the greatest financial interest, the next question is whether it "otherwise satisfies the requirements of Rule 23."   15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage, the Rule 23 determination is limited to typicality and adequacy.  *Cavanaugh*, 306 F.3d at 730.  As evidenced by the information provided by North Carolina in its lead plaintiff application, there is no question that it is both typical of the putative class and adequate.  *See* ECF 17 at 3-4.  North Carolina satisfies the typicality requirement as its claims are essentially identical to those of all other class members and relies on the same factual and legal arguments.  *Id.*  North Carolina is adequate because, among other things, its interests are aligned with those of other class members because all class members purchased Leslie's, Inc. common stock and were negatively impacted by defendants' alleged wrongdoing.

With assets of more than $100 billion for the benefit of its more than one million participants, North Carolina are sophisticated retirement plans with experience serving as a fiduciary.  As such, North Carolina is not just highly incentivized to vigorously prosecute this action, but firmly committed to maximizing the recovery for putative class members harmed by the alleged wrongdoing.  In addition, North Carolina selected lead counsel that is highly qualified to prosecute this securities fraud class action.  *See, e.g.*, *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million settlement obtained by Robbins Geller represents the largest PSLRA recovery in Arizona history); *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery obtained by Robbins Geller is the largest securities class action recovery in U.S. history).  Because North Carolina has the largest financial interest and satisfies Rule 23's requirements, it is presumptively the "most adequate plaintiff."

**C.      The Competing Movants' Motions Should Be Denied Because They Lack the Largest Financial Interest and Cannot Rebut the Presumption in North Carolina's Favor**

To rebut the presumption in favor of North Carolina's appointment as lead plaintiff, the PSLRA requires competing movants to submit "proof" that North Carolina "will not

- 4 -

fairly and adequately protect the interests of the class," or "is subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  None exists.  Because the competing movants have smaller losses than North Carolina and cannot rebut the presumption that North Carolina is the most adequate plaintiff, their motions must be denied.  Indeed, pursuant to the PSLRA's sequential process, the Court may only consider the competing motions "if and **only if** [North Carolina] is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732 (emphasis added).  Because North Carolina is "both willing to serve and satisfies the requirements of Rule 23," the competing motions should be denied. *Id.* at 730.

## III.    CONCLUSION

North Carolina not only suffered the greatest loss, but has demonstrated its ability to satisfy Rule 23's typicality and adequacy requirements.  North Carolina's motion should be granted.

DATED:  November 21, 2023                    Respectfully submitted,

ZIMMERMAN REED, LLP
HART L. ROBINOVITCH

                                             /s/ Hart L. Robinovitch
                                        _____
                                             HART L. ROBINOVITCH

14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Telephone: 480/348-6400
480/348-6415 (fax)
hart.robinovitch@zimmreed.com

Local Counsel for Proposed Lead Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
drobbins@rgrdlaw.com
dmyers@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff