Patricia Lee Refo (#017032)
Megan Carrasco (#037109)
SNELL & WILMER L.L.P.
One East Washington Street
Suite 2700
Phoenix, Arizona 85004-2556
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: prefo@swlaw.com
         mcarrasco@swlaw.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Treasurer of the State of North Carolina, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Leslie's, Inc., Michael R. Egeck, and Steven M. Weddell,<br><br>Defendants. | No. 2:23-cv-01887-SMB<br><br>**MOTION TO TRANSFER RELATED CASE** |

Pursuant to Local Rule 42.1(a) and Federal Rule of Civil Procedure 42(a)(3) Defendants Leslie's, Inc., Michael R. Egeck, and Steven M. Weddell, ("Leslie's") submits the following motion requesting the Court deem *Clemens v. Egeck, et al.*, No. 2:24-cv-00532-MTL (the "Derivative Action") related to the instant case, *Treasurer of the State of North Carolina v. Leslie's, Incorporated et al*, No. 2:23-cv-01887-SMB (the "Securities Action"), such that the Derivative Action can be transferred to the Honorable Susan M. Brnovich. This motion is properly filed in the case with the lowest case number. LRCiv. 42.1(b).

## I.    FACTUAL BACKGROUND

On September 8, 2023, Plaintiffs[1] Treasurer of the State of North Carolina, West Palm Beach Pension Funds, and South Florida Funds, filed the complaint in the Securities Action, against defendants Leslie's and CEO Michael R. Egeck, and then-CFO Steven M. Weddell. [Securities Action Compl. at ¶¶ 14-17.] The Complaint alleges a class action[2] for violations of Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder against all defendants (Count I) and violations of Section 20(a) of the Exchange Act against Egeck and Weddell (Count II). [*Id.* at ¶¶ 73-86.] The alleged securities violations stem from Plaintiffs' allegations that Leslie's misled the market and investors about demand for the Company's products and the status of inventory, particularly for chlorine-based products over a 29-month period from February 5, 2021 through July 13, 2023. [*Id.* ¶¶ 23-49.]

On March 12, 2024, Plaintiff John Clemens filed the Derivative Action on behalf of nominal defendant, Leslie's, against Egeck and Weddell, along with company directors Yolanda Daniel, Eric Kufel, Jodeen Kozlak, Marc Magliacano, Susan O'Farrell, Steven L. Ortega, James Ray Jr., Claire Spofford, and John Strain. [Derivative Action, ECF 1 at ¶¶ 28-64]. Broadly, Plaintiff Clemens alleges that between February 3, 2022, and July 13, 2023, the defendants in the Derivative Action misled the public about Leslie's inventory of chlorine-related products and are therefore subject to liability under various provisions of

---

[1] On December 1, 2023, the Court appointed the North Carolina Retirement System as Lead Plaintiff. [Securities Action, ECF 24.] The Complaint adds a new plaintiff (Macomb County Retirement System) without leave of the Court, without explanation.
[2] Plaintiffs define the class as "all persons or entities who purchased Leslie's common stock between February 5, 2021 and July 13, 2023.

4885-3114-3094

the Exchange Act. [*See, e.g.*, *id.* ¶¶ 1, 16, 100, 104-08.] Plaintiff Clemens alleges claims for violations of Section 14(a) of the Exchange Act (Count I), violations of Section 20(a) of the Exchange Act (Count II), violations of Section 10(b) and Rule 10b-5 (Count III), breach of fiduciary duties (Count IV), unjust enrichment (Count V), corporate waste (Count VI), abuse of control (Count VII), gross mismanagement (Count VIII), and contribution under Section 10(b) and 21D of the Exchange Act (Count IX).[3]  [*Id.* ¶¶ 219-76.]

## II.   GOVERNING LAW

Local Rule 42.1(a) states:

> When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases:
>
> (1) arise from substantially the same transaction or event;
>
> (2) involve substantially the same parties or property;
>
> (3) involve the same patent, trademark, or copyright;
>
> (4) call for determination of substantially the same questions of law; or
>
> (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

The test in LRCiv. 42.1 is phrased in the disjunctive meaning a party need not demonstrate the applicability of every factor. *Smith v. Sperling*, No. 11-0722-PHX-PGR, 2011 WL 4101508, at *1 (D. Ariz. Sept. 14, 2011) ("These factors are also independently sufficient as demonstrated by the use of 'or' preceding the fifth factor."). Federal Rule of Civil Procedure 42 echoes a similar sentiment by permitting the Court to "issue any other orders

---

[3] By filing this related-case motion, Leslie's does not concede that the Derivative Action is properly brought in the District of Arizona.

4885-3114-3094

to avoid unnecessary cost or delay" when "actions before the court involve a common question of law or fact."

Here, the two actions satisfy factors 1, 2, 4, and 5 of LRCiv. 42.1(a) and the common question of law or fact inquiry of Federal Rule of Civil Procedure 42.

### III.  ARGUMENT

#### A.  The two lawsuits arise from the same events—Leslie's stock decline during the same relevant period.

Both complaints allege various claims relate to the substantially same events underlying the Leslie's stock price decline.  For example, both complaints rely on Leslie's May 5, 2022 press release [Securities Action Compl. ¶ 34; Derivative Action Compl. ¶ 116], May 5, 2022 earnings call [Securities Action Compl. ¶ 35; Derivative Action Compl. ¶ 119]; August 5, 2022 press release [Securities Action Compl. ¶ 37; Derivative Action Compl. ¶ 128]; November 30, 2022 press release [Securities Action Compl. ¶ 38; Derivative Action Compl. ¶ 134], and February 2, 2023 press release [Securities Action Compl. ¶ 42; Derivative Action Compl. ¶ 149].  Both actions cite the "16.9%" decrease in Leslie's gross profit for Q2.  [Securities Action Compl. ¶ 44; Derivative Action Compl. ¶ 158.]  These events form the underlying basis for the materially false and misleading representations plaintiffs allege Leslie's made.  [Securities Action Compl. ¶ 48 (identifying ¶¶ 23-47); Derivative Action Compl. ¶ 166 (identifying ¶¶ 109-41, 149-65).]  And finally, both sides identify Leslie's July 13, 2023, 8K as a revelation of the "truth" that Leslie's and the various executives and board members had been hiding.  [Securities Action Compl. ¶ 49; Derivative Action Compl. ¶ 167.]

This list is not exhaustive but illustrative of the significant overlap between the "transaction[s] or event[s]" underlying the two lawsuits. LRCiv. 42.1(a)(1). Courts in the District of Arizona have previously held that LRCiv 42.1(a)(1) is satisfied when a securities class action and derivative shareholder suit both allege violations of Section 10(b) and Section (20). *Smith*, No. 11-0722-PHX-PGR, 2011 WL 4101508, at *3 ("These claims arise from the same alleged actions of the Apollo officers."). Furthermore, by alleging and relying on substantially the same set of facts, both actions satisfy Rule 42(a)'s requirement of a common question of fact such that the Court can issue a transfer order "to avoid unnecessary cost and delay."

Accordingly, Leslie's requests the Court grant its request for a transfer of the Derivative Action pursuant to LRCiv. 42.1(a)(1).

**B.      The actions involve substantially the same parties—Leslie's, CEO Egeck, and then-CFO Waddell.**

The Securities Action and the Derivative Action both include Waddell and Egeck as defendants. Although Leslie's is a nominal defendant in the derivative action, Leslie's is, for all practical purposes, a party to the cases. Courts in the District of Arizona have held that the addition of other parties does not destroy the substantial similarity of the overlapping defendants. *Smith*, 2011 WL 4101508, at *3 (reasoning it is sufficient under LRCiv. 42.1 that there is some overlap of defendants between a securities class action and shareholder derivative suit).

Therefore, in addition to overlap of the transaction or events underlying the lawsuits under LRCiv. 41.2(a)(1), the parties are also substantially the same under LRCiv.

41.2(a)(2). Accordingly, Leslie's requests the Court grant its request for a transfer of the Derivative Action pursuant to LRCiv. 42.1(a)(2).

### C. The actions allege substantially the same questions of law under the Exchange Act.

The allegations of nearly identical securities violation claims will require the Court to decide "substantially the same questions of law." LRCiv. 42.1(a)(3). Here, both actions allege violations of Section 10(b) of the Exchange Act and Rule 10b-5. [Securities Action Compl. ¶¶ 73-82; Derivative Action Compl. ¶¶ 231-238.] Within those claims, both actions allege Leslie artificially inflated the stock price [Securities Action Compl. ¶ 74; Derivative Action Compl. ¶ 232] and that Egeck and Waddell acted with the requisite scienter because of their high-ranking positions within Leslie's [Securities Action Compl. ¶ 77; Derivative Action Compl. ¶ 236].

Both actions also allege violations based on Section 20(a) of the Exchange Act. [Securities Action Compl. ¶¶ 83-86; Derivative Action Compl. ¶¶ 228-230.] Within those claims, both actions allege that Egeck and Waddell were "controlling persons" and "had the power to influence" company decision-making, did so influence it, and are therefore liable under Section (20)(a). [Securities Action Compl. ¶¶ 84-86; Derivative Action Compl. ¶¶ 229.]

By bringing the same causes of action, both actions also satisfy Rule 42(a)'s requirement that there be common questions of law such that the Court can issue a transfer order "to avoid unnecessary cost and delay." Accordingly, Leslie's requests the Court grant its request for a transfer of the Derivative Action pursuant to LRCiv. 42.1(a)(4).

**D.      Judicial economy is best served by transfer.**

"Often when cases are transferred they are at the same stage of litigation and transfer would allow more economic management of the similar cases." *Fed. Trade Comm'n v. Grand Canyon Educ., Inc.*, No. CV-21-00177-PHX-SRB, 2024 WL 964245, at *2 (D. Ariz. Feb. 23, 2024). Here, that is exactly the case. If the Derivative Action were to be transferred, only one judge would need to oversee the parties' inevitably complex securities law briefing. *Smilovits v. First Solar, Inc.*, No. CV12-0555 PHX DGC, 2012 WL 13019144, at *1 (D. Ariz. July 18, 2012) (holding "significant judicial resources will be saved if only one judge is required to master [the] facts" in several derivative shareholder lawsuits). Moreover, counsel for Defendants is the same in both matters. Accordingly, Leslie's requests the Court grant its request for a transfer of the Derivative Action to conserve judicial resources under LRCiv. 42.1(a)(5).

**IV.     CONCLUSION**

Pursuant to LRCiv. 42.1(a)(1),(2),(4), and (5), Defendants respectfully request the Court transfer the Derivative Action No. 2:24-cv-00532-MTL to Judge Brnovich because there are overlapping issues of fact and law, substantially similar parties, and it would serve the interests of judicial economy.

DATED this 19th day of April, 2024.

4885-3114-3094

SNELL & WILMER L.L.P.

By: *s/Megan Carrasco*
Patricia Lee Refo
Megan Carrasco
One East Washington Street
Suite 2700
Phoenix, Arizona 85004-2556

*Local Counsel for Defendants Leslie's Inc., Michael R. Egeck, and Steven M. Weddell*

GIBSON, DUNN & CRUTCHER LLP

Monica K. Loseman (Pro Hac Vice)
Allison K. Kostecka (Pro Hac Vice)
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: (303) 298-5700
Facsimile: (303) 298-5907

*Counsel for Defendants Leslie's, Inc., Michael R. Egeck, and Steven M. Weddell*

ROBBINS GELLER RUDMAN & DOWD LLP

Sarah Fallon (*Pro Hac Vice*)
Tor Gronborg (*Pro Hac Vice*)
655 West Broadway, Suite 1900
San Diego, California 92101
619-231-1058
Fax: 619-231-7423
Email: Torg@rgrdlaw.com

*Counsel for Plaintiffs*

4885-3114-3094