ZIMMERMAN REED, LLP
HART L. ROBINOVITCH (AZ SBN 020910)
14648 N. Scottsdale Road., Suite 130
Scottsdale, AZ 85254
Telephone: 480/348-6400
480/348-6415 (fax)
Email: hart.robinovitch@zimmreed.com

*Local Counsel for Lead Plaintiff*

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
TOR GRONBORG
LAURIE L. LARGENT
SARAH A. FALLON
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

*Lead Counsel for Lead Plaintiff*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Treasurer of the State of North Carolina, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Leslie's, Inc., Michael R, Egeck, and Steven M. Weddell,<br><br>　　　　　　　　　　Defendants. | No. CV-23-1887-PHX-SHD<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE<br><br>(Assigned to the Honorable Sharad H. Desai) |

4929-1535-7808.v1

Plaintiffs respectfully submit this Memorandum of Law in Opposition to Defendants' Request for Judicial Notice (ECF 52-2) ("RJN Mtn.").[1]

## I.   INTRODUCTION

In an effort to raise factual disputes to challenge the FAC's well-pleaded allegations, Defendants submitted a declaration attaching 14 exhibits comprising over 230 pages of material.[2]   But the Ninth Circuit instructs courts to resist attempts by securities fraud defendants "to pile on numerous documents to their motions to dismiss to undermine the complaint[s]," warning that the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).   "This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.*; *see also Cutler v. Kirchner*, 696 F. App'x 809, 813 n.1 (9th Cir. 2017) ("The parties have each submitted transcripts that conflict as to whether Kirchner or Rodick made this statement.   This factual dispute is not properly presented at the pleading stage, where the complaint's allegation that Rodick made the statement is controlling.").

Defendants argue that judicial notice and incorporation-by-reference justify their use of materials outside the FAC despite Ninth Circuit precedent clearly holding that "undermining of the usual pleading burdens" is not the purpose of these doctrines, and that neither doctrine permits Defendants to submit documents for their truth to dispute the FAC's well-pleaded facts. *Khoja*, 899 F.3d at 999.

---

[1]   All "¶_" and "¶¶_" references herein are to the First Amended Complaint for Violations of the Federal Securities Laws (ECF 47) ("FAC").   All capitalized terms have the same meaning as in the FAC and all emphasis has been added and citations omitted unless otherwise stated.

[2]   *See* Declaration of Allison K. Kostecka, in Support of Defendants' Request for Judicial Notice (ECF 52-3).

- 1 -

While Plaintiffs do not oppose the Court taking judicial notice of, or incorporating by reference, Exhibits 1-5, 7-10, and 13-14, Plaintiffs object to Defendants' efforts to use these Exhibits to controvert Plaintiffs' well-pleaded allegations. Further, Plaintiffs oppose the request for judicial notice to the extent Defendants seek to introduce Exhibits 6, 11, and 12, none of which are incorporated by reference into the FAC, to assume the truth of the matters asserted therein.

## II.    APPLICABLE LEGAL STANDARD

In *Khoja*, the Ninth Circuit clarified the extent to which courts in this Circuit may judicially notice or incorporate documents into the complaint at the pleading stage. *See* 899 F.3d at 998. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* When "'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Id.* When that occurs, "both parties must have the opportunity 'to present all the material that is pertinent to the motion.'" *Id.*; *see also In re Maiden Holdings, Ltd. Sec. Litig.*, __ F.4th __, 2025 WL 2406864, at *10 (3d Cir. Aug. 20, 2025) ("Whatever limitations on discovery were imposed for purposes of Maiden's renewed motion to dismiss, [Plaintiff] should have received 'typical discovery under the rules' before facing an adverse summary judgment ruling. That discovery has yet to occur. . . . In sum, because discovery is incomplete, the Court will remand with instructions to permit full discovery.").

There are two limited exceptions to the rule that courts may not consider outside evidence on a motion to dismiss. First, courts may take judicial notice of matters of public record "not subject to reasonable dispute" pursuant to Federal Rule of Evidence 201(b). A fact is "not subject to reasonable dispute" if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "But a court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999.

- 2 -

4929-1535-7808.v1

Second, courts may consider documents under the incorporation-by-reference doctrine.  Incorporation-by-reference allows a court to consider documents that are physically attached to the complaint or those which are: (1) referenced in the complaint; (2) central to the plaintiff's claim; *and* (3) of unquestioned authenticity by either party.  *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1089 (C.D. Cal. 2017) (citing *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281 (C.D. Cal. 2016)).

Further, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002.  For example, in *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995-96 (S.D. Cal. 2005), a decision cited to by the *Khoja* court, the district court declined to incorporate numerous exhibits in a securities class action like this one "where the complaint did not mention or rely on them," but instead were offered "'as evidence that Defendants did not commit a securities violation.'"  *Khoja*, 899 F.3d at 1002.

The Ninth Circuit warns against "incorporating documents en masse into complaints" because, among other reasons, "[o]nce documents are incorporated into a complaint, a district court faces competing, often inconsistent versions of the facts."  *Id.* at 1014.  This enterprise is prejudicial to plaintiffs, moreover, because although they "are ordinarily afforded the benefit of every favorable inference, the incorporation-by-reference doctrine can allow defendants to exploit that benefit for themselves."  *Id.*

## III.    ARGUMENT

### A.    Exhibits 11 and 12 (SEC Forms 4) Are Not Subject to Incorporation-by-Reference or Judicial Notice

In Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Violations of the Federal Securities Laws (ECF 52) ("MTD"), Defendants ask the Court to factually conclude, based on Exhibits 11 and 12 (SEC Forms 4), that they purchased Leslie's stock during the Class Period, and to infer from those purported purchases that Egeck and Weddell

- 3 -

4929-1535-7808.v1

lacked scienter.  MTD at 15 (claiming that the fact of their stock purchases "belies any inference of scienter").  This, however, is an inappropriate use of judicial notice for the truth of the matter asserted, *e.g.*, that Egeck and Weddell in fact purchased Leslie's stock on the open market during the Class Period.  Courts routinely reject this type of request.  *Alghazwi v. Beauty Health Co.*, __F. Supp. 3d__, 2025 WL 2751076, at *10 (C.D. Cal. Sep. 23, 2025) (denying request for judicial notice of SEC Forms 4 "to the extent they ask the court to notice the truth of the stock sales disclosed in the [forms] for purposes of negating scienter); *Morris v. Smith Micro Software, Inc.*, 2012 WL 12948541, at *3 (C.D. Cal. May 21, 2012) (declining "to judicially notice the . . . [trade] dates and volume of stock purchases listed in SEC Form 4s"); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("It is appropriate for the court to take judicial notice of the content of the SEC Forms 4 and the fact that they were filed with the agency.  The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice . . . ."); *In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 239 (S.D.N.Y. 2023) ("the Court may only take judicial notice that these Forms 4 exist, not for the truth of their contents") (collecting cases); *see also Abady v. Lipocine Inc.*, 2023 WL 2933080, at *3 (D. Utah Apr. 13, 2023) (declining to take judicial notice of Form 4 where defendants sought to use Form 4 to improperly argue award of stock negated scienter).  And for good reason; the reported trades are unverified factual assertions made by Defendants' own attorney, untested through discovery, and plainly outside the four corners of the FAC.  *See City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, 2015 WL 1478565, at *3-*5 (E.D. Wis. Mar. 31, 2015) (granting motion to strike defendants' SEC Form 4s for use of the truth of the matters asserted, because the contents could not be assumed accurate at the motion to dismiss stage); *Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) (declining to take judicial notice of defendants' stock purchases reflected in Forms 4 because "[d]efendants have not provided sufficient context of the stock purchases reflected" in them); *see also In re Digi Int'l Inc. Sec. Litig.*, 6 F. Supp. 2d 1089, 1097 n.5 (D. Minn. 1998) (the defendant "cannot rely on the alleged

4929-1535-7808.v1

purchase of shares . . . – evidence outside the four corners of the complaints – to support its motion to dismiss"), *aff'd*, 14 F. App'x 714 (8th Cir. 2001).

Moreover, the FAC does not allege stock sales as the basis for scienter – an additional reason to deny the request for judicial notice. *Shenwick v. Twitter, Inc*., 282 F. Supp. 3d 1115, 1123-24 (N.D. Cal. 2017) (denying request for judicial notice where the Form 4 was offered solely to draw an inference – unsupported by the complaint – that defendants' stock purchases negated scienter). This is especially true here because courts in the Ninth Circuit "do not draw a negative inference from the absence of stock sales that benefitted the defendant [officers]." *Sharenow v. Impac Mortg. Holdings, Inc.*, 385 F. App'x 714, 717 n.2 (9th Cir. 2010); *see also In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 707 (9th Cir. 2021) (stock sales are not "a sine qua non" for inferring scienter); *No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 944 (9th Cir. 2003) ("[T]he lack of stock sales by a defendant is not dispositive as to scienter."). Exhibits 11 and 12 should, therefore, not be considered.

**B.    Exhibit 6 Is Not Subject to Incorporation-by-Reference or Judicial Notice**

Defendants seek consideration of Exhibit 6 under the incorporation-by-reference doctrine and judicial notice, claiming it is an SEC filing and referenced in the FAC. RJN Mtn. at 3. Not so. Exhibit 6 is a compilation of documents, including an SEC Form 8-K for November 30, 2022, a November 30, 2022 press release regarding Leslie's 4Q 2022 and FY 2022 results, and a power point presentation (the "2022 Investor Day" presentation) that was not filed with the SEC. Contrary to Defendants' claim, none of these documents form the basis for any of the FAC's alleged false and misleading statements, and they therefore cannot be considered under incorporation-by-reference. *See Khoja*, 899 F.3d at 1005 (finding that where the document did not form the basis of any claims, the district court abused its discretion by incorporating it). Similarly, Exhibit 6 should not be judicially noticed. While the Form 8-K and the press release were filed with the SEC, the 2022 Investor Day

- 5 -

presentation was not.  Thus, it cannot be judicially noticed, even according to the authority Defendants cite.  *See* RJN Mtn. at 3-4.

Moreover, even if the 2022 Investor Day presentation was the type of document subject to judicial notice (*see id.*), Defendants are improperly using the presentation "to present their own version of the facts to defeat plaintiffs' claims at the pleading stage." *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019); *see also Khoja*, 899 F.3d at 1000 (documents that are "'subject to varying interpretations, and there is a reasonable dispute as to what [they] establish[],'" are not subject to judicial notice); *In re Doximity, Inc. Sec. Litig.*, 2025 WL 1449598, at *2 (N.D. Cal. May 13, 2025) ("Defendants' request for judicial notice is an attempt to characterize the facts at the pleadings stage and put facts in dispute" and holding that their "attempt to argue, at the pleadings stage, the facts relating to what investors did (or not) understand Defendant [CEO's] statements to mean . . . is improper.").

Specifically, Defendants use Exhibit 6 to factually dispute that Leslie's inventory buildup was due to long-term purchase agreements that Leslie's could not cancel, which left Leslie's with overflowing inventory at its distribution centers and in stores.  MTD at 4; *see* ¶¶4, 19-24, 39-44; *see, e.g.*, ¶48.  Using a portion of Exhibit 6 (the 2022 Investor Day presentation), Defendants ask the Court to accept their counter-narrative that Leslie's intentionally increased inventory because the average pool owner purchased only "a third" of their nondiscretionary pool supplies from Leslie's, presenting an opportunity for the Company to capture greater spending and increase market share if it had more inventory. MTD at 4.  But Defendants fail to provide any confirming proof that the one-third figure reflects actual customer data or whether the presented figures represent discretionary products, non-discretionary products, or something else; they just rely on their own self-serving statements about the supposed meaning of the 2022 Investor Day presentation. Judicial notice cannot be used for this purpose.  *Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*, 743 F. Supp. 3d 1083, 1097 (D. Ariz. 2024) ("Clearly, Sea is using its 'request for judicial notice . . . as a backdoor avenue for introducing evidence of the facts

- 6 -

themselves.' Yet, '[i]t is improper to judicial notice a [document] when the substance of the [document] is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'") (alterations in original) (quoting *Khoja*, 899 F.3d at 1000).

Defendants also improperly ask the Court to conclude from Exhibit 6 that Leslie's had visibility into only "one third of consumers' nondiscretionary spend on pool products," and thus could not have detected pull-forward sales or chemical stockpiling, an inference they use to attempt to defeat scienter. MTD at 11. But Exhibit 6 cannot be used to rebut the FAC's allegations in this way either. The FAC alleges that Defendants touted Leslie's "annuity-like stream of chemical, equipment, and service revenue" and its "highly predictable, recurring revenue model." ¶29. When Defendants urged customers to stock up on chemicals amid supposed shortages, they confirmed their awareness that purchases were outpacing actual usage. ¶103. And as they assured investors that they can "see by consumer what they purchased prior years versus what they've purchased year-to-date," Defendants knew precisely when purchases exceeded seasonal needs. ¶138. It defies logic to claim Leslie's revenue was "highly predictable" and closely monitored, yet Defendants remained blind to customer usage patterns. ¶29. Because Defendants seek judicial notice of Exhibit 6 for the improper purpose of "present[ing] their own version of the facts at the pleading stage," their request should be denied. *Khoja*, 899 F.3d at 999; *see also Doximity*, 2025 WL 1449598, at *1-*2.

### C.   Documents Referenced in the FAC May Not Be Considered for Their Truth

Pursuant to the doctrine of incorporation-by-reference, Plaintiffs do not object to the Court's consideration of Exhibits 1-5, 7-10, and 13-14. But the Court cannot consider them for the truth of the matters asserted therein or to resolve factual disputes. *See Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."). "[W]hat inferences a court may draw from an incorporated document should . . . be approached with caution." *Id.*; *see also In re Mattel, Inc. Sec. Litig.*, 2021 WL 1259405, at *6 (C.D. Cal.

4929-1535-7808.v1

2021) (considering extraneous exhibits "under the incorporation by reference doctrine, but not to the extent they are proffered to 'resolve factual disputes against the plaintiff's well-plead allegations in the complaint'"). For example, Defendants' use of Exhibits 3 and 4 to argue that "customers were shifting to purchasing smaller buckets due to supply issues and inflation concerns" is improper. Mtn. at 11 n. 7; *see also id.* at 9 (citing to Exhibits 3 and 4 for the assertion that Leslie's increased inventory was simply a disclosed strategy); *id.* at 24 (citing Exhibit 5 for the same self-serving assumption).

## IV.    CONCLUSION

For the reasons stated herein, the Court should deny Defendants' request for judicial notice of Exhibits 6, 11, and 12 and should not consider Exhibits 1-5, 7-10, and 13-14 for the truth of the matters asserted therein.

DATED:  October 14, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (admitted *pro hac vice*)
TOR GRONBORG (admitted *pro hac vice*)
LAURIE L. LARGENT (admitted *pro hac vice*)
SARAH A. FALLON (admitted *pro hac vice*)


                    s/ SARAH A. FALLON
                    SARAH A. FALLON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
drobbins@rgrdlaw.com
torg@rgrdlaw.com
llargent@rgrdlaw.com
sfallon@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

- 8 -

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

*Counsel for Macomb County Employees'*
*Retirement System*

ZIMMERMAN REED, LLP
HART L. ROBINOVITCH
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Telephone: 480/348-6400
480/348-6415 (fax)
hart.robinovitch@zimmreed.com

*Local Counsel for Lead Plaintiff*

- 9 -

4929-1535-7808.v1