ZIMMERMAN REED, LLP
HART L. ROBINOVITCH (AZ SBN 020910)
14648 N. Scottsdale Road., Suite 130
Scottsdale, AZ 85254
Telephone: 480/348-6400
480/348-6415 (fax)
Email: hart.robinovitch@zimmreed.com

*Local Counsel for Lead Plaintiff*

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
TOR GRONBORG
LAURIE L. LARGENT
SARAH A. FALLON
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

*Lead Counsel for Lead Plaintiff*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Treasurer of the State of North Carolina, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>    vs.<br><br>Leslie's, Inc., Michael R, Egeck, and Steven M. Weddell,<br><br>                        Defendants. | No. CV-23-1887-PHX-SHD<br><br>PLAINTIFFS' MOTION TO STRIKE APPENDIX A TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>(Assigned to the Honorable Sharad H. Desai) |

4928-0778-1483.v1

**MOTION**

Plaintiffs hereby move to strike Appendix A (ECF 52-1) to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Violations of the Federal Securities Laws (ECF 52) ("Motion" or "MTD") pursuant to Local Rules of Civil Procedure ("Local Rule" or "LRCiv") 7.2(e) and (m), the Court's August 25, 2025 Amended Order (ECF 51) ("Amended Order"), and the Court's inherent authority. Defendants' Appendix A violates the combined page limits established by LRCiv 7.2(e) and the Amended Order, which permitted Defendants 8 additional pages for their motion to dismiss, for a total of 25 pages. Instead, Defendants seek to evade the limit by appending a 24-page document that improperly expands their Motion. For the reasons set forth in the memorandum of law below, Plaintiffs respectfully request that Appendix A be stricken in its entirety.

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

On July 14, 2025, this Court entered its Order granting Defendants' Motion to Dismiss Plaintiffs' Consolidated Complaint for Violations of the Federal Securities Laws (ECF 34) and giving Plaintiffs leave to amend within 30 days. ECF 46 ("MTD Order"). Plaintiffs timely filed their First Amended Complaint for Violations of the Federal Securities Laws (ECF 47) ("FAC") on August 13, 2025.[1] On August 22, 2025, the parties filed a stipulation for scheduling deadlines and page limitations for Defendants' anticipated motion to dismiss the FAC. The Court granted the stipulation and permitted Defendants 8 additional pages for their MTD, for a total of 25 pages, nearly 50% more than the 17 pages allowed under LRCiv 7.2(e).

On September 12, 2025 Defendants filed their 25-page Motion. Disregarding the MTD Order, which expressly stated that the Court will "only consider[] arguments made by the parties in their briefing" (MTD Order at 16 n.5), Defendants also submitted their 24-page

---

[1]    All "¶_" and "¶¶_" references herein are to the FAC. All capitalized terms have the same meaning as in the FAC and all emphasis has been added and citations omitted unless otherwise stated.

Appendix A.  Defendants use Appendix A to rewrite Plaintiffs' allegations and support their falsity, scienter, and loss causation arguments.  Defendants never sought leave to exceed the Court's 25-page limit, yet they use Appendix A to nearly double the allowed page limit.  Defendants attempt to excuse this tactic by claiming Appendix A "do[es] not introduce new argument" and is included "only for the Parties' and the Court's convenience."  MTD at 6 n.3.  However, as set forth below, Appendix A is nothing more than an improper extension of their motion to dismiss briefing, filed in direct violation of the Court's permitted page limit.  It therefore should be stricken.

## II.    ARGUMENT

Local Rule 7.2(m) provides that a motion to strike may be filed "if it seeks to strike any part of a filing or submission on the ground[s] that it is prohibited (or not authorized) by statute, rule or court order."  LRCiv 7.2(m).  In addition, the Ninth Circuit has affirmed that district courts, pursuant to their inherent authority, may strike documents other than pleadings from its dockets.  *See Lamos v. Astrue*, 275 F. App'x 617, 618 (9th Cir. 2008) (affirming district court order granting a motion to strike issued pursuant to the court's "inherent power to control [its] docket[]"); *see also Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including . . . striking the offending pleading."); *Jones v. Metro. Life Ins. Co.*, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) ("[B]ased on its inherent powers, a court may strike material from the docket, including portions of a document, reflecting procedural impropriety or ***lack of compliance with court rules or orders***.").

Courts routinely strike documents like Appendix A that improperly serve to circumvent page limits.  *In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (striking chart in excess of page limit that defendants made for the court's "convenience"); *Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) ("chart allows [d]efendants to make further arguments in violation of [l]ocal [r]ule"); *see also Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009) (striking chart submitted as an exhibit); *see also United States*

- 2 -

*v. Pac. Gas & Elec. Co.*, 2016 WL 3001160, at *2 n.3 (N.D. Cal. May 25, 2016) (striking argument contained in notice and not presented in memorandum, which had already met page limit).

Here, Appendix A purports to chart the 28 challenged misstatements – albeit incorrectly – and in the last column, titled "Reasons Why Statement Is Not Actionable," specifies each legal argument under which Defendants mistakenly believe the misstatements are non-actionable. While some of these entries tie the statements to specific arguments made in their brief, the majority do not. For example, Appendix A asserts 18 statements are non-actionable opinions, but Defendants' brief discusses only 2 of those statements in any detail. *See* MTD at 12 (discussing statements ¶¶70 and 90). The improper and argumentative nature of Defendants' Appendix A is clear: "It is difficult to view this appendix as anything other than an unsubtle vehicle for deliberately circumventing the page limits imposed on the parties' briefing." *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 5746364, at *4 n.3 (N.D. Cal. Sep. 30, 2016), *reconsideration denied*, 2017 WL 2833997 (N.D. Cal. June 30, 2017).

Through this attempted end-run around the Court's page limit, Defendants improperly afford themselves nearly twice the space to argue their motion than agreed to by the parties and approved by the Court, while forcing Plaintiffs to respond within the express page limit. Thus, Defendants' Appendix A not only contravenes the Court's order, but also prejudices Plaintiffs. *See Pacenza v. IBM Corp.*, 363 F. App'x 128, 130 (2d Cir. 2010) (upholding district court's ruling to strike extraneous material containing legal conclusions and arguments that were filed in an attempt to circumvent page-limit requirements on legal memoranda); *see also Velez v. Novartis Pharms. Corp.*, 2009 WL 3395091, at *1 (S.D.N.Y. Oct. 20, 2009) (granting plaintiffs' motion to strike defendants' 56-page exhibit, reasoning that "the document is not an exhibit; it is pure argument, which should have been included in a brief, if it was to be included at all").

More egregiously, Defendants improperly use Appendix A to rewrite the FAC. Defendants claim that in Appendix A, they "have excerpted ***what they believe*** to be the

- 3 -

4928-0778-1483.v1

challenged statements in context and without omitting portions of the text as Plaintiffs do in the FAC." MTD at 6 n.3. But Defendants cannot use Appendix A for this misleading purpose. Far from giving "context," Defendants use the chart to insert their own language into every one of the alleged statements for the purpose of improperly reframing Plaintiffs' claims to fit their defenses. (*Compare* ¶¶47, 49, 51, 53, 56, 58, 61, 63, 65, 67, 70, 72, 74, 77, 79, 81, 84, 86, 88, 90, 92, 94, 97, 99, 101, 103, 105 to the same numbered statements in Appendix A.) For example, Defendants re-characterize the misstatement alleged at ¶47 "the competitive advantages derived from our integrated platform of physical and digital assets, and strong execution of our strategic growth initiatives drove record first quarter results" – as a "[s]tatement of corporate optimism." Appendix A at 1; MTD at 13. But they appear to do so only by tacking on an extraneous sentence – "With this strong start, we remain confident in our ability to continue to perform at a high level for the balance of the year" – which Plaintiffs do not allege to be false or misleading and which is not necessary for context. *Compare* ¶47 with Appendix A at 1. By manufacturing their own composite statements, Defendants use Appendix A to distort the record and mischaracterize Plaintiffs' allegations in a self-serving, and improper, attempt to challenge them.

Permitting Appendix A to stand would invite confusion and prejudice the Court's analysis at the pleading stage by shifting attention from the actual allegations to Defendants' reconstructed version of them. Defendants are not entitled to alter the actual allegations under the guise of providing "context."

## III.    CONCLUSION

Because Appendix A improperly injects unalleged statements, exceeds the Court ordered page limits, and serves no purpose other than to confuse the issues and advance Defendants' defenses, it should be stricken in its entirety.

- 4 -

4928-0778-1483.v1

DATED: October 14, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (admitted *pro hac vice*)
TOR GRONBORG (admitted *pro hac vice*)
LAURIE L. LARGENT (admitted *pro hac vice*)
SARAH A. FALLON (admitted *pro hac vice*)

s/ SARAH A. FALLON
SARAH A. FALLON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
drobbins@rgrdlaw.com
torg@rgrdlaw.com
llargent@rgrdlaw.com
sfallon@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

*Counsel for Macomb County Employees'
Retirement System*

ZIMMERMAN REED, LLP
HART L. ROBINOVITCH
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Telephone: 480/348-6400
480/348-6415 (fax)
hart.robinovitch@zimmreed.com

*Local Counsel for Lead Plaintiff*

- 5 -

4928-0778-1483.v1

**CERTIFICATE OF CONFERRAL**

Pursuant to Judge Sharad H. Desai's Preliminary Order, Plaintiffs' counsel conferred with counsel for Defendants regarding Plaintiffs' Motion to Strike Appendix A to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint and Memorandum of Law Thereof, notifying them of the issues asserted in this motion, on October 6, 2025.  The parties conferred but were not able to agree.

DATED:  October 14, 2025

s/ SARAH A. FALLON
SARAH A. FALLON

4928-0778-1483.v1