**GIBSON, DUNN & CRUTCHER LLP**
Monica K. Loseman *(pro hac vice)*
 mloseman@gibsondunn.com
Allison K. Kostecka *(pro hac vice)*
 akostecka@gibsondunn.com
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2642
Telephone: (303) 298-5700
Facsimile: (303) 298-5907

*Counsel for Defendants*

*[Additional Counsel listed on Signature Page]*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Treasurer of the State of North Carolina, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>Leslie's, Inc., Michael R. Egeck, and Steven M. Weddell,<br><br>Defendants. | Case No. 2:23-cv-01887-SHD<br><br>**DEFENDANTS' OPPOSITION TO THE MOTION TO STRIKE**<br><br>(Assigned to the Honorable Sharad H. Desai) |

In its Motion to Strike, Plaintiffs ask the Court to do precisely what it already declined to do: Strike Appendix A. Dkt. 55 at 3. In granting Defendants' prior motion to dismiss, the Court expressly rejected Plaintiffs' request to strike a similar appendix attached to that motion, stating that it would "only consider[] arguments made by the parties in their briefing" and would "not consider new arguments made in the last column" of the table. Dkt. 46 at 16 n.5.

Appendix A, attached to Defendants' Motion to Dismiss the First Amended Complaint ("FAC"), does not raise any "new" arguments, nor does it impermissibly extend Defendants' arguments beyond the pages allowed by the Court. Instead, for both the Court's and the parties' convenience, Appendix A makes the 67-page FAC more manageable by copying—in

context—the specific statements Defendants believe Plaintiffs challenge, citing to the applicable paragraphs in the FAC and source pages from Leslie's public filings, and cross-referencing the arguments that relate to each challenged statement in Defendants' Motion. Parties often submit similar summary charts in putative securities class action cases, as it can be helpful to organize the allegations that cover many alleged misstatements over a multi-year class period. This is proper, so long as the chart does not raise new arguments. Here, Appendix A does not raise any "new arguments." Indeed, even Plaintiffs fail to argue in the Motion to Strike what in Appendix A qualifies as a "new argument." Appendix A is, therefore, proper and may be considered by the Court.[1]

## I.    BACKGROUND

Defendants filed their initial motion to dismiss Plaintiffs' consolidated complaint on April 22, 2024. Dkt. 34. Defendants included an Appendix A with that motion, which was a chart summarizing what Defendants believed to be the challenged statements in Plaintiffs' 49-page original consolidated complaint. Dkt. 34-1 at 2. For the convenience of the parties and the Court, the chart included each challenged statement—in context and as it appeared in the public filing, along with the alleged speaker, source, and a fourth column labeled "Reasons Why Statement Is Not Actionable." *Id.* Plaintiffs argued in their opposition that the fourth column contained improper and extra argument beyond the page limits and should be struck. Dkt. 37 at 16 n.3. Defendants responded that the chart merely organized arguments contained in the brief. Dkt. 38 at 7 n.1. In its July 14, 2025 Order, the Court took a middle path. After reviewing the table, the Court found the fourth column primarily summarized Defendants' arguments in the motion, but some entries tied statements to arguments not made in the briefing, and so the

---

[1] To the extent any entry in Appendix A could reasonably be read to add a "new argument" or extend Defendants' arguments, which they cannot, the Court should do what it did with the prior appendix and decline to consider such entries instead of striking Appendix A in its entirety.

Court "only consider[ed] arguments made by the parties in their briefing and [did] not consider new arguments made in the last column." Dkt. 46 at 16 n.5.

The Court ultimately found that Plaintiffs' consolidated complaint failed to adequately plead a claim and granted the motion to dismiss with leave to amend. *See generally* Dkt. 46. Plaintiffs filed the FAC on August 13, 2025. Dkt. 47. On September 12, 2025, Defendants moved to dismiss the FAC. Dkt. 52. Again, Defendants included their own Appendix A outlining what statements in the 67-page FAC they believe Plaintiffs challenge, for the convenience of the Court and the Parties. Dkt. 52-1. This Appendix A contains a column titled "Reasons Why Statement Is Not Actionable" that lists for each alleged misstatement the arguments Defendants make in the brief as to why the alleged misstatement is not actionable. *Id.* at 2. For example, Defendants challenge all alleged misstatements on the basis that they lack scienter—Appendix A notes this, stating simply "no scienter." *Id.* Defendants' Motion to Dismiss argues that every challenged statement should be dismissed because Plaintiffs have not alleged each statement was made with scienter. *See* Dkt. 52 at 19–29. Appendix A, therefore, does not present extra or new arguments, it merely references arguments already made.

Nonetheless, Plaintiffs now urge the Court to strike Appendix A as purportedly exceeding the page limit for Defendants' Motion to Dismiss by including additional arguments not made in Defendants' motion and rewriting the FAC. Dkt. 55 at 3–5. The Court should deny Plaintiffs' motion.

## II.    LEGAL STANDARD

"[M]otions to strike are disfavored and are not frequently granted." *Gerow v. U.S. Dep't of Just.*, 2024 WL 149740, at *13 (D. Ariz. Jan. 12, 2024). A motion to strike is strictly limited as it may be filed "only if" a statute or rule authorizes it, or to strike material "prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). The pertinent rule here, Local Rule 7.2(e), caps the length of the memorandum "exclusive of attachments," and requires that attachments not be "extraneous to genuine issues of material fact or law." LRCiv 7.2(e)(1), (4).

Consistent with the strong preference to decide disputes on the merits, courts often address page-limit or formatting issues by disregarding any excess pages or granting leave for additional pages after the fact, rather than striking a motion wholesale. *See Beville v. Ford Motor Co., Inc.*, 2006 WL 8440462, at *10 (D. Ariz. Mar. 31, 2006) (denying motion to strike a brief despite being longer than the page limits allowed by Local Rule 7.2(e) and granting after-the-fact leave "in light of the Court's desire to adjudicate this case on its merits"); *Gerow*, 2024 WL 149740 at *13 (denying motion to strike despite violation of local rules, instead opting to disregard improperly filed sur-reply). Under these standards, the movant bears the burden to show both a valid procedural basis to strike and that this remedy is warranted. *See Marsh v. Zarcal Res Tempe LLC*, 2018 WL 4282828, at *1–2 (D. Ariz. Sept. 7, 2018).

### III.    ARGUMENT

### A.    Appendix A Does Not Contain New or "Extended" Argument

Plaintiffs claim Defendants improperly use Appendix A to make new arguments or extend their Motion to Dismiss arguments by not tying the arguments in the fourth column of Appendix A to their arguments in the brief and by "inserting their own language into every one of the alleged [mis]statements" to "improperly refram[e] Plaintiffs' claims to fit their defenses." Dkt. 55 at 5. Plaintiffs are wrong.

***First***, Defendants make no new arguments in Appendix A. Each reason listed in the fourth column of Appendix A expressly ties back to the corresponding arguments made in Defendants' Motion. For example, Defendants argue in the Motion that Paragraphs 56, 61, 63, 65, 67, 70, 72, 74, 77, 79, 84, 86, 90, 92, 97, 99, 101, and 105 contain non-actionable statements of opinion. Dkt. 52 at 17–18. Those are the *same* paragraphs identified in Appendix A as containing non-actionable statements of opinion. Dkt. 52-1 at 4–24.

Plaintiffs, however, contend otherwise, taking issue with the fact that Defendants' brief only discusses two examples of non-actionable opinions in "detail." Dkt. 55 at 4. Defendants could not possibly discuss in "detail" why each of the 18 challenged statements of opinion in the FAC is not actionable as securities fraud in a 25-page motion. Nor are they required to do so under Rule 12(b)(6). Moreover, Plaintiffs employ the *same strategy* in their own Opposition.

Dkt. 53 at 13–14. Plaintiffs claim that each of the 28 alleged misstatements in the FAC satisfies the PSLRA's pleading standards and the Court's Order but only discuss "in detail" a single alleged misstatement in Paragraph 65. *Id.* In any event, Defendants' Motion sufficiently explains why dismissal of these 18 statements is warranted, and Appendix A simply labels each alleged misstatement with reference to the argument made within the brief itself. Appendix A does not add new or additional argument, nor does it improperly "extend" Defendants' arguments—all it does is organize and summarize.

     ***Second***, Appendix A does not "rewrite" Plaintiffs' claims—instead, it provides the full context for the alleged misstatements, which is *necessary* for the Court to assess whether the statements were false or misleading when made. Under settled Ninth Circuit law, the question of whether a statement is misleading must be assessed in context, including the surrounding text, hedges, disclaimers, and other qualifying information. *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 622 (9th Cir. 2022); *Sneed v. Talphera, Inc.*, 147 F.4th 1123, 1131 (9th Cir. 2025). Plaintiffs even recognize this, explaining in their Opposition that it would be "impermissibl[e]" to "assess the statements . . . in a vacuum" and warn of "plucking the statements out of their context." Dkt. 53 at 22. Thus, including the discussion surrounding the challenged statement in Appendix A serves a proper, non-argumentative purpose, as Appendix A conveniently assembles and provides the Court with the context that governing precedents require it to consider.

     Plaintiffs, nonetheless, assert that Defendants use the surrounding context to "insert their own language into every one of the alleged statements for the purpose of improperly reframing Plaintiffs' claims to their defenses." Dkt. 55 at 5. That is not correct. Defendants do not add their "own language"; Appendix A only compiles the complete quotes and context of the alleged misstatements for the convenience of the Court. Dkt. 52 at 11 n.3. Plaintiffs offer as an example the alleged misstatement in Paragraph 47, arguing that Defendants transform it into a statement of corporate optimism "only by tacking on an extraneous sentence." Dkt. 55 at 5. Defendants included in Appendix A the full text of Mr. Egeck's comment in the company press release (with the alleged misstatement in bold and italics):

> We are very encouraged by our start to Fiscal 2022. Continued industry tailwinds, ***the competitive advantages derived from our integrated platform of physical and digital assets, and strong execution of our strategic growth initiatives drove record first quarter results***. With this strong start, we remain confident in our ability to continue to perform at a high level for the balance of the year.

Dkt. 52-1 at 2.

Defendants included the full statement for the Court's convenience, not to "reframe" Plaintiffs' claims. Regardless, the alleged misstatement in Paragraph 47 contains the sort of immaterial puffery about a company's strategic initiatives and growth that courts routinely dismiss as non-actionable statements of corporate optimism, with or without the context. *See* Dkt. 52 at 18. Plaintiffs seemingly try to hide from the full context of the alleged misstatements with their motion to strike. The Court should reject this attempt.

**B.      Plaintiffs' Authorities Do Not Justify the Drastic Remedy They Seek**

Plaintiffs cite several cases to support their claim that courts "routinely strike documents that improperly serve to circumvent page limits." Dkt. 55 at 3–4. But Plaintiffs' cases turn on different local rules, different records, or different procedural postures. None supports striking Appendix A.

Plaintiffs' reliance on *Todd v. Tempur-Sealy International., Inc.*, 2016 WL 5746364, at *4 n.3. (N.D. Cal. Sept. 30, 2016) is misplaced. In *Todd*, the Court criticized the parties for providing "virtually no argument on [a certain] issue" within the briefs themselves but instead making those arguments in 65- and 33-page argumentative appendices. *Id.* As discussed above, Appendix A does nothing of the sort. In *In re Acadia Pharmaceuticals Inc. Securities Litigation*, the court applied a local 25-page cap to the memorandum itself and struck a 25-page chart because its "sole purpose [was] presenting additional arguments against falsity which [Defendants] could not fit in their Memorandum." 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020). In *Acadia*, "Defendants provide[d] additional 'reasons' in Exhibit A as to why . . . [statements] [were] inactionable beyond what they argue[d]" in their motion to dismiss—in other words, the summary chart contained new arguments. Lead Pl.'s Reply Mem. in Further Sup. of Mot. to Strike at 4, *In re Acadia Pharms., Inc. Sec. Litig.*, No. 3:18-cv-01647-AJB-

BGS (S.D. Cal. Aug. 14, 2019), Dkt. 61 (collecting examples of additional appendix arguments not made in party's brief). The *Acadia* Court noted that while it "appreciate[s] charts to simplify complex arguments," the chart there "simply" extended argument beyond the cap. 2020 WL 2838686, at *3. That is not analogous to Appendix A, which does not raise any new arguments. *Cheng Jiangchen v. Rentech, Incorporated* is similar as the court noted that Defendants' summary "chart allow[ed] Defendants to make *further* arguments" and was not an "exhibit," therefore violating the local rule that exempted only "exhibits" from the page limitations. 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) (emphasis added). *Think Village-Kiwi, LLC v. Adobe Systems, Inc.* likewise provides no help because in that summary-judgment dispute, the chart was struck for "providing defense counsel's argument" outside the brief. 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009); Pl.'s Reply in Supp. of Mot. to Strike Exs. at 2, *Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, No. 3:08-cv-04166 (N.D. Cal. Oct. 27, 2009), Dkt. 170 (describing citations within chart to "new evidence . . . in support of an argument [] not mentioned in Defendants' [brief]").

Plaintiffs' remaining authorities are even farther afield. *United States v. Pacific Gas & Electric* addressed a criminal Rule 17(c) subpoena dispute and a different local rule, where the Court concluded a two-page "Notice" improperly added argument to a five-page objections limit. 2016 WL 3001160, at *1, *2 n.3 (N.D. Cal. May 25, 2016). *Pacific Gas & Electric* says nothing about what types of summary charts and exhibits can be attached to Rule 12 briefing. *Pacenza v. IBM Corporation* confirms what this Court already did with Plaintiffs' previous request to strike—the court reasoned it could either strike inadmissible or improper matter or simply disregard it. 363 F. App'x. 128, 130 (2d Cir. 2010) (unpublished). Lastly, *Velez v. Novartis Pharmaceuticals Corporation*, shows courts "take a dim view" of motions to strike and "rarely grant[] them," only doing so there because plaintiff's exhibit was a "pure argument, which should have been included in a brief." 2009 WL 3395091, at *1 (S.D.N.Y. Oct. 20, 2009).

Plaintiffs' cases offer no basis to strike an attachment like Appendix A as Appendix A presents no new or extended arguments.

## C.    PSLRA "Statement Charts" Are Appropriate, Common, and Can Be Required

Courts regularly accept charts that organize and summarize the challenged statements in securities class action briefs with source materials, so long as the legal analysis appears in the brief itself. When an attachment is just "a summarization of statements taken from other unopposed exhibits [], and contains no meaningful argument from counsel, [it] is not improper." *Limantour v. Cray Inc.*, 432 F. Supp. 2d 1129, 1139 (W.D. Wash. 2006); *see also DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1218 (S.D. Cal. 2001) (finding that a chart "drafted by Defendants' counsel listing various risk disclosures . . . from SEC filings and press releases" may be considered "because it is simply a collection of quotations from documents the Court may independently consider"). Courts may even consider attachments that "provide factual background to support the legal arguments" so long as the attachment is not itself an argument. *See Leventhal v. Chegg, Inc.*, 721 F. Supp. 3d 1003, 1019 (N.D. Cal. 2024).

Some courts go further and *require* statement-by-statement charts in PSLRA cases to streamline the issues. *See, e.g.*, *In re Sentinelone, Inc. Sec. Litig.*, 2024 WL 3297150, at *9 (N.D. Cal. July 2, 2024) (ordering plaintiff "to prepare a statement-by-statement chart"); *see also Mihaylov v. Tattooed Chef, Inc.*, 22-cv-9311 (C.D. Cal. Dec. 11, 2024), Dkt. 122 (tentative ruling adopted as final) ("[T]he Court . . . would probably lean towards using some sort of chart either to supplement or perhaps to entirely replace a narrative attempt to identify false statements, why those statements were false, etc."). For example, Judge Donato (N.D. Cal.), in *Purple Mountain Trust v. Wells Fargo*, directed the plaintiff to file "a chart summarizing [its] allegations on a statement-by-statement basis," noting that this "is the Court's standard practice in securities cases." 432 F. Supp. 3d 1095, 1099 (N.D. Cal. 2020). Taken together, these authorities confirm that Appendix A is a proper, helpful index so long as argument appears in the brief—precisely the line this Court has already drawn.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to strike Appendix A.

Dated: October 28, 2025

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Monica K. Loseman*_____
Monica K. Loseman *(pro hac vice)*
 mloseman@gibsondunn.com
Allison K. Kostecka *(pro hac vice)*
 akostecka@gibsondunn.com
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2642
Telephone: (303) 298-5700
Facsimile: (303) 298-5907

SNELL & WILMER L.L.P.

By: */s/  Megan M. Carrasco*_____
Patricia L. Refo
Megan M. Carrasco
One East Washington Street
Suite 2700
Phoenix, Arizona  85004-2556

Counsel for Defendants Leslie's,
Inc., Michael R. Egeck, and Steven
M. Weddell

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2025, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: October 28, 2025

/s/ *Megan M. Carrasco*