ZIMMERMAN REED, LLP
HART L. ROBINOVITCH (AZ SBN 020910)
14648 N. Scottsdale Road., Suite 130
Scottsdale, AZ 85254
Telephone: 480/348-6400
480/348-6415 (fax)
Email: hart.robinovitch@zimmreed.com

*Local Counsel for Lead Plaintiff*

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
TOR GRONBORG
LAURIE L. LARGENT
SARAH A. FALLON
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

*Lead Counsel for Lead Plaintiff*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Treasurer of the State of North Carolina, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>    vs.<br><br>Leslie's, Inc., Michael R, Egeck, and Steven M. Weddell,<br><br>                            Defendants. | No. CV-23-1887-PHX-SHD<br><br>PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO STRIKE<br><br>(Assigned to the Honorable Sharad H. Desai) |

4909-5713-1127.v1

## I.    Introduction

In ruling on the first motion to dismiss, the Court expressly refused to "consider new arguments made in the last column" of Defendants' appendix.  ECF 46 ("MTD Order") at 16 n.5.  Undeterred, Defendants have now filed another appendix with more argument in that very column, as well as a re-writing of the statements Plaintiffs allege to be false and misleading.  The tactic is transparent.  Unable to fit their arguments within the page limit or credibly attack the actual allegations, Defendants resort to an appendix.  They state it is for the Court's convenience, but convenience does not require 24 pages of additional verbiage about why each statement is not actionable.  At best, it is advocacy masked as organization, which is a work-around of the rules.  The motion to strike should be granted.

## II.    Argument

### A.    Defendants Misstate the Court's MTD Order

Both parties can agree on the language of the Court's MTD Order: that it would "only consider[] arguments made by the parties in their briefing" and "not consider new arguments made in the last column" of an appendix.  MTD Order at 16 n.5.  Defendants now characterize this as permission to refile another even more argumentative Appendix A despite the Court clearly finding that entries in the last column of the Appendix ("Reasons Why Statement Is Not Actionable"), were improper additional argument.  *Compare* ECF 34-1, Statement No. 1, *with* ECF 52-1, Paragraph No. 47, adding argument in the last column that the statement is a "[s]tatement of corporate optimism," and "[n]o scienter."  Defendants offer no explanation of how the new Appendix A cures the defects the Court previously identified.

### B.    Appendix A Is Argument and Plainly Violates the Page Limit

Defendants try to downplay their violation of the page limits by asserting that Appendix A is submitted for "convenience," and to "organize and summarize," and "cross-referenc[e]" the challenged statements (ECF 57 ("Opp.") at 2-3, 5-6), and "does not raise any 'new arguments'" (*id.* at 2, 4-5).  If that were true, Appendix A would be superfluous and should be stricken.  Yet Defendants say the Appendix is necessary to their Motion, admitting

- 1 -

4909-5713-1127.v1

they "could not possibly discuss in 'detail' why each of the 18 challenged statements of opinion" is not actionable "as securities fraud in a 25-page motion." *Id*. at 5.  This confirms that Appendix A contains arguments that could not fit within the page limit.  Defendants cannot have it both ways: either Appendix A adds nothing and is irrelevant, or it expands their argument in violation of page limits.  Defendants' comparison to Plaintiffs' brief only underscores the point here.  *Id.*  Plaintiffs addressed Defendants' motion to dismiss within the prescribed page limit, without resorting to a 24-page appendix.  *See, e.g.*, ECF 53 at 13-14 (addressing each statement Defendants argue is an opinion, including specifically their "I think" or "I believe" statements); *id.* at 15-16 (addressing each of Defendants' "feel[s] good" statements within the page limits of the brief); *id.* at 17 (addressing each of Defendants' purportedly forward-looking statements within the page limits of the brief).  Defendants, by contrast, used Appendix A to supply the "'detail'" they admit they could not include in their Motion.  Opp. at 5.  Accomplishing through an appendix what could not be done within the 25-page limit is the very definition of an improper end-run around the rules.  The proper course would have been to seek leave to enlarge the page limit beyond what was already provided, not to evade it.

Securities fraud cases with dozens of alleged misstatements over multi-year class periods are routine.  Courts regularly resolve such cases based on motions that comply with page limits.  *See, e.g.*, *In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (striking similar appendix in securities case).  This is not a case where Defendants were forced to use the page limit in the Local Rules.  They negotiated for and received substantial additional space.  ECF 50.  Having obtained that accommodation, they cannot now claim they need double that amount.  The First Amended Complaint for Violations of the Federal Securities Laws (ECF 47) ("FAC") is 67 pages and clearly delineates Plaintiffs' 28 alleged misstatements, each separately paragraphed and identified.  No chart is necessary for the Court to understand or "manage[]" the allegations.  Opp. at 2.

Defendants' cases do not help them.  Opp. at 8-9.  None of the cases cited describe an appendix like the one here where arguments are made as to the "Reasons Why [each]

- 2 -

Statement Is Not Actionable."  ECF 52-1; *Limantour v. Cray Inc.*, 432 F. Supp. 2d 1129, 1139 (W.D. Wash. 2006) (chart containing list of disclosure statements with no argument); *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1218 (S.D. Cal. 2001) (allowing risk disclosure chart "because it is simply a collection of quotations from documents the Court may independently consider").  *Leventhal v. Chegg, Inc.*, 721 F. Supp. 3d 1003 (N.D. Cal. 2024), is inapposite.  Opp. at 8.  In *Leventhal*, the issue was whether a declaration violated local rules prohibiting "'conclusions and argument,'" not whether an appendix like the one used here is proper when it contains argument.  721 F. Supp. 3d at 1019.  Contrary to Defendants' contention (Opp. at 6-7); *Acadia* is exactly on point.  There, the court held that:

> Plaintiff argues that Defendants submitted an exhibit, totaling 25 pages, for the sole purpose of presenting additional arguments against falsity, which they could not fit in their Memorandum of Points and Authorities.  The Court agrees. Defendants try to assert the argument that this is simply a chart for the Court's convenience, however, that is not the case.  While the Court does appreciate charts to simplify complex arguments, Defendants utilized this chart to identify 108 statements encompassing 38 paragraphs of the complaint in a 25-page chart.  This is simply an extension of Defendants' argument and thus, Defendants' have exceeded the 25-page limit for their briefs.

*Acadia*, 2020 WL 2838686, at \*3.

So to here: Appendix A should be stricken because it is simply an extension of Defendants' arguments, which exceeds the Court-ordered page limitations.  Plaintiffs obeyed the rules; Defendants did not.  The Local Rules of page length are not mere formalities, they preserve parity in advocacy and judicial economy.[1]

---

[1]    In the other cases Defendants cite, the courts requested statement charts and, notably, requested that the plaintiff create them.  Opp. at 8-9; *see Purple Mountain Trust v. Wells Fargo*, No. 3:18-cv-03948, ECF 66 (N.D. Cal. Feb. 28, 2019) (separate order "request[ing] that **lead plaintiff** file by March 14, 2019, a chart that summarizes its securities fraud allegations on a statement-by-statement basis"); *In re Sentinelone, Inc. Sec. Litig.*, 2024 WL 3297150, at \*9 (N.D. Cal. July 2, 2024) (in granting leave to amend, "**Plaintiff** [was] further ordered to prepare a statement-by-statement chart of the information required by 15 U.S.C. § 78u-4(b)(1) and (2)" to be submitted with its amended complaint); *Mihaylov v. Tattooed Chef, Inc.*, No. 2:22-cv-9311, ECF 122 at 5 (C.D. Cal. Dec. 11, 2024) (stating that the court might "meet the onerous requirements of Rule 9(b) and the PSLRA" through a chart in which "**a plaintiff** could **specifically** list the sentence, or words, or representation about financial category that is/are **specifically** asserted to be false/misleading" (some emphasis in original)),  These cases do not apply, given there was no such request here, the chart at issue

- 3 -

**C.    Appendix A Rewrites the FAC and Introduces New Argument**

Defendants claim that Appendix A is "necessary" to their motion to dismiss to provide "context." Opp. at 5. This argument is a red herring. What Defendants actually do in Appendix A is far more problematic: they systematically rewrite Plaintiffs' allegations to fit their defenses, inject their own characterizations directly into the quoted statements, and force the Court to analyze composite statements that Plaintiffs never alleged were false or misleading.

As discussed in Plaintiffs' opening brief, Defendants' remaking of the misstatement alleged in paragraph 47 illustrates the point. ECF 55 at 4. Defendants claim that they merely included "the full text of Mr. Egeck's comment in the company press release" for "the Court's convenience." Opp. at 6. But genuine convenience, if needed, could have been accomplished by submitting the source document in their Request for Judicial Notice (ECF 52-2) – just as they did for other statements. *See* ECF 52-3; ECF 52-4, Ex. 1. Instead, they created their own hybrid text and then argued its inactionability. The proper course is for Defendants to cite the original materials for judicial notice – not to paraphrase and argue within an appendix.

---

is not a chart created by Plaintiffs, and this chart includes information beyond that in the FAC.

- 4 -

## III.   Conclusion

For the foregoing reasons, as well as those contained in Plaintiffs' Motion to Strike, the Court should strike Appendix A and disregard it for purposes of deciding Defendants' Motion to Dismiss.

DATED:  November 4, 2025

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS (admitted *pro hac vice*)
TOR GRONBORG (admitted *pro hac vice*)
LAURIE L. LARGENT (admitted *pro hac vice*)
SARAH A. FALLON (admitted *pro hac vice*)


s/ LAURIE L. LARGENT
LAURIE L. LARGENT

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
drobbins@rgrdlaw.com
torg@rgrdlaw.com
llargent@rgrdlaw.com
sfallon@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

VANOVERBEKE, MICHAUD
 & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

*Counsel for Macomb County Employees'
Retirement System*

- 5 -

4909-5713-1127.v1

ZIMMERMAN REED, LLP
HART L. ROBINOVITCH
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Telephone: 480/348-6400
480/348-6415 (fax)
hart.robinovitch@zimmreed.com

*Local Counsel for Lead Plaintiff*

- 6 -

4909-5713-1127.v1